**John E. RUCKER, Jr., Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 3705.**

District of Columbia Court of Appeals.

Argued July 6, 1965.

Decided Aug. 25, 1965.

William J. Garber, Washington, D. C., for appellant.

David W. Miller, Asst. U. S. Atty., argued for appellee. David C. Acheson, U. S. Atty., Frank Q. Nebeker, Edward T. Miller, and Carol Garfiel, Asst. U. S. Attys., were on the brief for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

Appellant was convicted of a charge of narcotics vagrancy in violation of Code 1961, § 33–416a, which provides punishment for

"* * * any person who is a narcotic drug user * * * and who—

"(A) having no lawful employment or visible means of support realized from a lawful occupation or source, is found mingling with others in public or loitering in any park or other public place and fails to give a good account of himself; or * * *

"(C) wanders about in public places at late or unusual hours of the night * * * and fails to give a good account of himself; * * *."

This section of the Code provides for somewhat greater penalties than the general vagrancy statute, § 22–3304. Appellant concedes that he was correctly convicted under the statute if it is constitutional. However, he urges that it violates the Eighth Amendment to the Constitution in that it inflicts a greater penalty upon those who are narcotics users than upon those who are not, merely because of their status as users. He relies solely on Robinson v. State of California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962).

In Robinson the Supreme Court invalidated a California statute which, as construed by the state courts, made it a criminal offense to "be addicted to the use of narcotics." Recognizing addiction to be an illness, the Court held that it was cruel and inhuman to punish a person for his "status" as a narcotics addict "even though he has never touched any narcotic drug within the State *or been guilty of any irregular behavior there.*" (Emphasis supplied.)

Robinson's only crime in California was his addiction and the Supreme Court held that he could not be punished for that alone.

Unlike Robinson, appellant was not convicted of being a narcotics addict. Nor was he punished merely for his "status" as a user of drugs. He was convicted because he was proved to be a narcotic drug user who had committed acts of vagrancy in the District of Columbia. These antisocial acts of vagrancy were punishable and Congress, fearing the spread of drugs, had a legitimate legislative purpose in providing greater penalties for those vagrants who used narcotics. As stated in the statute, this purpose was

" * * * to protect the public health, welfare, and safety of the people of the District of Columbia by providing safeguards for the people against harmful contact with narcotic drug users who are vagrants within the meaning of this section and to establish, in addition to the Hospital Treatment for Drug Addicts Act for the District of Columbia, further procedures and means for the care and rehabilitation of such narcotic drug users." (Code 1961, § 33–416a(a).)

As the government points out in its brief, there are numerous crimes in which the defendant's otherwise innocent status results in the imposition of a more severe punishment. Thus a teacher who seduces a pupil is subject to a much greater penalty than any other person guilty of the crime of seduction. Code 1961, §§ 22–3001, 22–3002. And a person convicted of a crime is penalized more severely if he has the status of a second offender. Code 1961, § 22–104. Similarly, it was within the power of Congress to provide stricter punishment in order to protect society against the greater threat posed by narcotics vagrants.

Furthermore, this case is dissimilar to Robinson in that there was uncontradicted testimony here that appellant was not a drug addict. His use of drugs was voluntary and he thus had the power to remove himself from his status as a drug user. The Robinson case, on the other hand, was grounded on the fact that the defendant's narcotic addiction was an illness and that a person "thus afflicted" should not be imprisoned as a criminal. Since appellant was not so afflicted, and since he had committed acts of vagrancy, his reliance on Robinson is misplaced.

Affirmed.